UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CARLOS SAWICKI,

     Plaintiff,

vs.

ANAUEL CATERING CORP., a Florida profit
corporation, and DODEL DRUCKMANN, an
individual,

     Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff CARLOS SAWICKI ("Sawicki" or "Plaintiff"), who was an employee of Defendants ANAUEL CATERING CORP., a Florida profit corporation and DODEL DRUCKMANN, an individual (together, "Defendants"), and brings this action for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* and 29 U.S.C. § 531.35 (hereinafter, the "Act" or "FLSA"), and declaration of rights.

## I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

## II.      PARTIES

3.  Plaintiff CARLOS SAWICKI ("Sawicki") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4.  Defendant ANAUEL CATERING CORP. d/b/a Aperion ("Anauel") is a Florida profit corporation that owns and operates the Aperion Bar & Grill where Plaintiff was employed as a mashgiach (kosher food supervisor), located in Bay Harbor Islands, Miami-Dade County, Florida.

5.  Defendant DODEL DRUCKMANN ("Druckmann"), an individual and *sui juris*, is the owner and president of Anauel. Druckmann acted directly and indirectly in the interest of Anauel. Druckmann frequented the Aperion Bar & Grill and had the power to direct employees' actions.    Druckmann had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees of Anauel in accordance with the FLSA, making Defendant Dodel Druckmann an employer pursuant to 29 USC § 203(d).

## III.      FLSA COVERAGE

6.  During all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that they were engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2

7. During all material times, Defendant Anauel was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8. During all material times, Defendant Druckmann was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. During all material times, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

11. During all material times, the work performed by Plaintiff was directly essential to the business performed by Defendants in that, without the services of a mashgiach (kosher food supervisor), Defendants could not operate their kosher food services operation.

## IV.  FACTUAL ALLEGATIONS

12. Defendants operate a kosher food services operation named Aperion Bar & Grill, in Miami-Dade County, located at 1009 Kane Concourse, Bay Harbor Islands, Florida.

13. Sawicki worked as a mashgiach (kosher food supervisor) for Defendants from May, 2016, approximately, to June 8, 2016, approximately.

14. Sawicki was an employee of Defendants, although Defendants misclassified him as an independent contractor.

15. Sawicki's agreed wages were $15.00 per hour.

16. Between May 29, 2016 and June 8, 2016, Sawicki was not paid for 79.25 regular hours worked and 12.50 overtime hours worked.

17. In 2016, the Florida minimum wage was $8.05 per hour up to forty hours per workweek.

3

18. Sawicki is therefore owed $1,436.93 in unpaid minimum wages (actual damages and an equal amount of liquidated damages) and $345.00 in unpaid overtime wages (actual damages and an equal amount of liquidated damages), plus reasonable attorney's fees and costs and other relief granted by the Court.

19. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq.***

20. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

21. Defendants willfully and intentionally refused to pay Plaintiff the Florida minimum wage for all hours worked up to forty per workweek, in violation of 29 U.S.C. § 206(a)(1).

22. As a direct and proximate result of Defendants' nonpayment of minimum wages, Plaintiff has been damaged for one or more weeks of work with Defendants.

**WHEREFORE** Plaintiff CARLOS SAWICKI demands the entry of judgment in his favor and against Defendants ANAUEL CATERING CORP., and DODEL DRUCKMANN, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per workweek at the full Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per workweek at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs;

4

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## <u>FAILURE TO PAY OVERTIME WAGE COMPENSATION</u>
## <u>IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq.*</u>

23. Plaintiff reincorporates and re-alleges paragraphs 1 through 19 as though set forth fully herein and further alleges as follows:

24. Defendants willfully and intentionally refused to pay Plaintiff the applicable overtime wage for all hours worked in excess of forty per workweek during the Relevant Time Period, in violation of 29 U.S.C. § 206(a)(1).

25. As a direct and proximate result of Defendants' nonpayment of the applicable overtime wage for all hours worked in excess of forty per workweek, Plaintiff has been damaged for one or more weeks of work with Defendants.

**WHEREFORE** Plaintiff CARLOS SAWICKI demands the entry of judgment in his favor and against Defendants ANAUEL CATERING CORP., and DODEL DRUCKMANN, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at one-and-a-half times the Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at one-and-a-half times Plaintiff's regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

5

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 27th day of June, 2017.

Respectfully Submitted,

**/s/Robert W. Brock II, Esq.**
Robert W. Brock II
Fla. Bar No.:075320
*Law Office of Lowell J. Kuvin*
Robert@kuvinlaw.com
17 East Flagler St. Suite 223
Miami Florida 33131
Tele:    305.358.6800
Fax:     305.358.6808
*Attorney for Plaintiff*

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808